# Ross *v.* Eyre, Appellant.

*Promissory notes—Accommodation maker—Holder for value— Death of payee—Liability of maker.*

In an action against the maker of a note by the purchaser thereof after the death of the payee, judgment was properly entered for the plaintiff, after a disagreement by the jury, where it appeared that the note was given to the payee for his accommodation and was delivered by him before maturity to a bank, and was thereafter sold by the bank to the plaintiff; and there was no evidence to warrant the assumption that it was delivered to the bank as surety for a loan made by the bank to the payee, or that defendant had been released, or that there were credits to which defendant was entitled, or that the obligation was released by renewals; but, on the contrary, it appeared that the bank was holder for value.

Argued Jan. 18, 1918. Appeal, No. 257, Jan. T., 1917, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1912, No. 2137, entered for plaintiff after disagreement of jury in case of George Ewing Ross v. T. Larry Eyre. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on promissory note. Before MARTIN, P. J.

The facts appear by the opinion of the Supreme Court.

On the trial the jury disagreed and subsequently the court below granted plaintiff's motion for judgment under the provisions of the Act of April 20, 1911, P. L.

70, and judgment was thereupon entered against the defendant for $3,271, representing the principal of the note and interest thereon. Defendant appealed.

*Error assigned,* among others, was in entering judgment for the plaintiff.

*Alex. Simpson, Jr.,* of *Simpson, Brown and Williams,* for appellant.

*A. G. Dickson,* with him *Thomas Patterson,* for appellee.

PER CURIAM, February 25, 1918:

On the trial of this suit upon a negotiable promissory note made by the appellant to the order of George L. Hoopes, and delivered by him, before maturity, to the First National Bank, of Logansport, Indiana, the jury disagreed, and subsequently the court below granted plaintiff's motion for judgment, under the provisions of the Act of April 20, 1911, P. L. 70. Hoopes was dead at the time of the trial. In granting plaintiff's motion for judgment the learned court below properly said: "While the note may have been given to Hoopes for his accommodation, there is no evidence to warrant the assumption that it was delivered to the bank as surety for the loan made by the bank to Hoopes; that defendant has been released; that there are credits to which Eyre is entitled; or that the obligation was released by renewals (Shrewsbury Savings Institution's App., 94 Pa. 309) ; but on the contrary it appears that the bank was a holder for value, and that plaintiff purchased the title of the bank......Nothing was presented to relieve defendant from liability on his note; and binding instructions in favor of plaintiff should have been given on the trial."

Nothing in the assignments of error calls for a disturbance of the judgment, and it is, therefore, affirmed.